IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIE A. BUSSING, | ) | 8:12CV238 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEGENT CLEARING, LLC, COR | ) | |
| SECURITIES HOLDINGS, Inc., | ) | |
| CARLOS P. SALAS, in his Official | ) | |
| Capacities, and CHRISTOPHER L. | ) | |
| FRANKEL, in his Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on numerous Motions filed by the parties relating to the restriction of Plaintiff's Second Amended Complaint, along with other issues.

The court first addresses Plaintiff's Motion to Amend Complaint and Correct Pleadings. (Filing No. 33.) In her Motion to Amend, Plaintiff seeks to amend her Complaint a second time "to reflect the corporate name change of Defendant Legent Clearing, LLC to its new name of COR Clearing, LLC." (*Id.* at CM/ECF p. 1.) Plaintiff also seeks to clarify that the two individual Defendants, Carlos P. Salas and Christopher L. Frankel, are sued in their individual capacities rather than their official capacities. (*Id.*) Defendants do not object to Plaintiff's Motion to Amend. (Filing No. 39 at CM/ECF p. 2.) As such, the Motion is granted.

The parties have also filed four separate Motions relating to the restriction of Plaintiff's Amended Complaint and Second Amended Complaint. (Filing Nos. 20, 29, 35, and 39.) Plaintiff filed her original Complaint, along with over 100 pages of attachments, on July 9, 2012. (Filing No. 1.) Defendants thereafter sought to restrict

the content of the Complaint and the attachments from the public because the documents contained "non-public, confidential, privileged, proprietary and/or trade secret information." (Filing No. 5 at CM/ECF p. 2.) The court *provisionally* restricted the Complaint and attachments on July 11, 2012. (Filing No. 9.) However, the court permitted Plaintiff the opportunity to object to the provisional restriction of the documents. (*Id.*)

Rather than object to the provisional restriction, Plaintiff filed an Amended Complaint. (Filing No. 19.) The Amended Complaint was significantly shorter and less detailed than the original. Additionally, Plaintiff attached only one document, the "Employment Agreement" between Plaintiff and Defendant Legent Clearing, LLC (now COR Clearing, LLC). (*Id.* at CM/ECF pp. 21-31.) Defendants again sought restriction of the Complaint and attachment, arguing that the Amended Complaint was "substantially similar" to the original, and that complete restriction of the entire document and attachment was therefore warranted. (Filing No. 20.) Plaintiff opposed the Motion to Restrict. (Filing No. 22.) The court granted *provisional* restriction, pending ruling on Defendants' Motion. (Filing No. 25.)[1] Defendants also seek to restrict the Second Amended Complaint, which is identical to the Amended Complaint except for the name of one Defendant and the capacity in which the individuals are sued. (Filing No. 39.)

The court has carefully reviewed the Amended Complaint and Second Amended Complaint, and the attached "Employment Agreement." (Filing Nos. 19 and 34.) In accordance with the court's Local Rules, the Second Amended Complaint

---

[1]In their Motion to Restrict Access to Amended Complaint, Defendants repeatedly assert that the court restricted the original Complaint and attachments in their entirety, without acknowledging that the restriction was *provisional* and subject to later objections and/or limitations. (Filing No. 20.) Defendants fail to acknowledge this fact for a second time in their Motion to Restrict Access to Second Amended Complaint. (Filing No. 39.)

supersedes the Complaint and the Amended Complaint. Further, the court agrees with Defendants that the Second Amended Complaint contains *some* non-public, sensitive information. Noting Plaintiff's objections to restriction of the entire document, the court finds that the Second Amended Complaint should be restricted in accordance with NeCivR 5.0.3(c)(3). However, while the Second Amended Complaint (filing no. 19) shall remain restricted in its entirety, Plaintiff may file a redacted version of the Second Amended Complaint. If Plaintiff does so, the redacted version shall remove or otherwise obscure paragraphs 22-28 and 36-50 from the Second Amended Complaint.[2] The redacted version of the Second Amended Complaint shall not be restricted from public access in any way. Additionally, there is nothing sensitive or confidential contained in the attached "Employment Agreement." As such, the attachment need not be restricted at all.

IT IS THEREFORE ORDERED that:

1.     Defendants' Motion to Restrict (filing no. 20) is granted. The Amended Complaint shall remain restricted in its entirety.

2.     Plaintiff's Motion to Amend (filing no. 33) is granted. The Clerk of the court is directed to replace Defendant Legent Clearing, LLC with COR Clearing, LLC and is directed to note on the docket sheet that the remaining Defendants are sued in their individual capacities.

3.     Defendants' Motion to Restrict (filing no. 39) is granted in part.

4.     Plaintiff's Second Amended Complaint (filing no. 34) shall remain

---

[2]Plaintiff may simply remove the text of these paragraphs in the electronic version of the Second Amended Complaint and replace it with the word "redacted," or may "black out" the paragraphs manually. The court will not undertake redaction on Plaintiff's behalf.

restricted in its entirety.

5.     Plaintiff may file a redacted version of the Second Amended Complaint no later than **October 26, 2012**. If Plaintiff does so, the redacted version shall remove or otherwise obscure paragraphs 22-28 and 36-50 from the Second Amended Complaint.  No other redactions to the Second Amended Complaint or the attachment are required.  The redacted version of the Second Amended Complaint shall not be restricted.

6.     Plaintiff's Motions to Restrict (filing nos. 29 and 35) are denied as moot.

7.     Plaintiff's Motion for Leave to File Revised Brief (filing no. 37) is granted.  Defendants may file a reply to Plaintiff's Revised Brief in Opposition to Defendants' Motion to Dismiss (filing no. 38) no later than **October 26, 2012**.

DATED this 18th day of October, 2012.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.