IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. BUSSING,<br><br>   Plaintiff,<br><br>v.<br><br>COR CLEARING, LLC, COR SECURITIES HOLDINGS, INC., CARLOS P. SALAS and CHRISTOPHER L. FRANKEL, in their individual capacities,<br><br>   Defendants. | Case No. 8:12-cv-238-JMG-CRZ<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER OF MAY 21, 2014, TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PENDING APPEAL** |

Defendants COR Clearing, LLC, COR Securities Holdings, Inc., Carlos P. Salas and Christopher L. Frankel (collectively, "Defendants"), respectfully submit the following Brief in support of their Motion to Alter or Amend Order of May 21, 2014, to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b) and to stay pending appeal

## INTRODUCTION

The core question in this case is whether Plaintiff Julie A. Bussing ("Plaintiff") acted as a "whistleblower," as that term is defined under the Dodd-Frank Act ("DFA"), when she failed to communicate or report any perceived securities violation to the SEC. In its Memorandum and Order entered May 21, 2014 ("Order"), the Court answered that question in the affirmative, holding federal whistleblower protections against retaliation from employers apply even to tipsters who do not complain directly to the SEC.

This core question is appropriate for immediate interlocutory appeal under 28 U.S.C. § 1292(b). It represents a pure question of law involving the plain meaning of a federal statute and does not depend upon the development of any facts in this case. Moreover, this Court's holding contradicts the leading authority on the interpretation of this provision of the DFA. The Fifth Circuit Court of Appeals, the only circuit court to address this issue to date, reached the

opposite conclusion. *See Asadi v. G.E. Energy (USA), LLC*, 720 F.3d 620 (5th Cir. 2013). This Court's Order and the *Asadi* decision, each of which analyzed the DFA's whistleblower provision and its statutory construction, document the substantial grounds that exist for disagreeing with each other's holding. Accordingly, if the Eighth Circuit sides with the Fifth Circuit and finds that Plaintiff does not qualify as a "whistleblower," that decision would not only curtail and simplify the pretrial and trial proceedings in this matter and substantially advance the termination of the litigation, but also provide clarity on the law for potential plaintiffs. Accordingly, we respectfully request that for these reasons, this Court, certify the Order for interlocutory appeal pursuant to Section 1292(b).

Finally, a stay pending the appeal will conserve both the parties' and the Court's resources. A stay will avoid substantial potentially-unnecessary discovery and motion practice, all of which may be mooted by a contrary ruling from the Eighth Circuit. A stay will not prejudice either party.

## ARGUMENT

### I. The Court Should Certify Its Order for Interlocutory Appeal

#### A. Standards for certifying an interlocutory order for appeal.

Section 1292(b) confers on district courts circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers County Comm'rs*, 514 U.S. 35, 46 (1995). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

2

28 U.S.C. § 1292(b). Section 1292(b) sets forth three requirements to be met before a district court opinion may be certified for interlocutory appeal. *See White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). "[T]he district court must be of the opinion that (1) the order involves a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id.*; *see also Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co*, Nos. 13-8042, 13-8043, 2014 WL 903374 (8th Cir. Mar. 10, 2014).

> [T]he institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b). The efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial time must be weighed against the inefficiency of having the relevant Court of Appeals hear multiple appeals in the same case.

*In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49 (S.D.N.Y. 2002).

### B. The Order Involves A Controlling Question Of Law.

Whether Plaintiff qualifies as a "whistleblower" under the DFA will completely dispose of Plaintiff's retaliation claim under the Act (as well as her related state-law claims). It is a straight question of law that needs to be determined that will control the resolution of her claim.

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

> While the 'controlling question of law' requirement can include procedural determinations that may importantly affect the conduct of an action, courts have tended to make the 'controlling question' requirement one with the requirement that its determination' may materially advance the ultimate termination of the litigation,' in these circumstances and '[t]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.

3

*In re Buspirone Patent Litig.*, 210 F.R.D. at 51 (*citing In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978)).

"Appeals have frequently been allowed on the question whether the plaintiff has stated a claim if the problem is a difficult one of substantive law, rather than a mere matter of properly pleading a case sought to be brought within an acknowledged area of law."  16 Wright, Miller, Cooper & Gressman, Fed. Prac. & Proc.: Jurisdiction § 3931, at 179-80 (1977).  Certification for interlocutory appeal has been deemed appropriate in cases involving motions to dismiss.  *See Smith v. Univ. of Wash., Law School*, 233 F.3d 1188, 1192 (9th Cir. 2000); *Kan. v. Utilicorp United, Inc.*, 497 U.S. 199, 200 (1990); *Mark Aero, Inc. v. Trans World Airlines, Inc.*, 580 F.2d 288 (8th Cir. 1978) (reversing district court's interlocutory order denying defendant's motion to dismiss second amended complaint).

The Order here involved a controlling question of law, satisfying the first criterion for obtaining an interlocutory appeal.  The Order determined whether Plaintiff acted as a "whistleblower," as that term is defined under the DFA, even though she did not, by her own admission, report any perceived securities violations to the SEC.  Whether the whistleblower claim made by Plaintiff is valid under the DFA is a "controlling" issue, as a reversal of the Order would eliminate Plaintiff's DFA claim (as well as her related state-law claims) and, as a result, would accelerate the disposition of the entire matter.

### C. There Is Substantial Ground For Difference Of Opinion As To That Controlling Question Of Law.

The second prong of Section 1292(b), that there be "substantial ground for difference of opinion" on the issue, requires a "genuine doubt as to whether the district court applied the correct legal standard in its order."  *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007).  This may mean that there is "conflicting authority on the

issue" or that "the issue is particularly difficult and is one of first impression for the []Circuit." *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262, 1997 WL 458739, at *4-5 (S.D.N.Y. Aug. 12, 1997).

The applicability of the DFA to individuals such as Plaintiff also presents an issue on which substantial grounds, and substantial precedent, exist for a difference in opinion regarding the whistleblower protections of the DFA.  As the Court noted, the Magistrate Judge in her recommendations to the Court found that Plaintiff did not qualify as a whistleblower under the DFA.  This Court disagreed and determined she did – reflecting disagreement even within this District.  *See Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004) (concluding an interlocutory appeal satisfied the requirements of 28 U.S.C. § 1292(b) where there was an apparent absence of controlling case law on the issue, and where the district court did not adopt the magistrate judge's report and recommendation on the issue); *see also Klapper v. Commonwealth Realty Trust*, 662 F. Supp. 235, 236 (D. Del. 1987) (holding the district court's disagreement with the magistrate's report indicates that a substantial difference of opinion exists).

Moreover, as the Eighth Circuit has not addressed the question, the Order would present a significant issue of first impression in our Circuit.  Other district courts reflect a similar divergence of opinion, further confusing the issue and providing little clarity as to the scope of the statute.  Certification is appropriate where "[t]here is a possible intracircuit split on [the disputed] issue [and e]ven absent this split the case law is confused." *Johnson v. Wash. Area Transit Auth.*, 790 F. Supp. 1174, 1180 (D.D.C. 1991) (granting 1292(b) certification).  Where the decision under review is in conflict with other decisions within the same district substantial ground for difference of opinion may exist.  *See, e.g., Glatt v. Fox Searchlight Pictures, Inc.*, No.

5

11 Civ. 6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) ("[I]ntra-district split and decisions from other circuits show a substantial basis exists for difference of opinion"); *Gulino v. Board of Educ. of City Sch. Dist. of City of New York*, 907 F. Supp. 2d 492, 526 (S.D.N.Y. 2012) (same).

As the Court made clear in its own decision, its position on the DFA r is in conflict with another line of federal cases, as well as the only circuit court case on the matter: *Asadi v. G.E. Energy (USA), L.L.C.*, (requiring reporting to the SEC for an individual to meet the definition of a whistleblower under the DFA). Because substantial ground exists for difference of opinion as to the controlling question of law, the Court should grant interlocutory appeal.

### D. Immediate Appeal Will Materially Advance The Ultimate Termination Of The Litigation.

Resolution of this core question of law would materially advance the ultimate resolution of this litigation. Section 1292(b) "was intended to include orders having . . . potential for causing a wasted protracted trial if it could early be determined that there might be no liability." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). The draftsmen of Section 1292(b) in outlining the types of cases that Section 1292(b) was intended to address

> referred specifically to cases in which a long trial results from a pretrial order erroneously overruling a defense going to the right to maintain the action, to cases involving prolonged assessment of damages after determination of liability, to cases where the disposition of motions for impleader might induce voluntary nonsuit or settlement, and to cases where venue is claim to have been transferred without authority.

*Katz*, 496 at 754 (citation omitted).

A controlling decision of whether or not Plaintiff qualifies as a whistleblower will materially advance the ultimate termination of this litigation.

> The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. As just seen, questions found to be controlling commonly involve the possibility of avoiding trial proceedings, **or at least curtailing and simplifying pretrial or trial**. Most of the cases deal with the "advance termination" requirement in terms no more complex than these. **If present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate**.

16 Wright, Miller, Cooper & Gressman, Fed. Prac. & Proc.: Jurisdiction § 3930 (emphasis added). Specifically, resolution of this issue will narrow and define remaining claims so as to provide a more focused pretrial and trial on the merits. Elimination of Plaintiff's retaliation claim under the DFA would also eliminate various categories of damages available to Plaintiff, including "2 times the amount of back pay" and "reasonable attorneys' fees," *see* 15 U.S.C. § 78u-6(h)(1)(C). Plaintiff is not entitled to these types of damages if her DFA claim is dismissed.

"In determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery." *In re Stewart*, No. 09-3521, 2009 WL 2461672, at *2 (E.D. La. Aug. 7, 2009) (quotation omitted). An immediate appeal of the applicability of the DFA would narrow Plaintiff's claims, eliminate complex trial and jury issues, and eliminate issues that make discovery harder and more costly. Indeed, dismissal of Plaintiff's statutory DFA claim would also eliminate her state-law discrimination claims under the FEPA and wrongful discharge in violation of public policy, both of which depend upon the viability of Plaintiff's DFA claim. If dismissed, Plaintiff's remaining claims would be limited to narrow breach of contract and associated tort claims under Nebraska state law. As discovery has not yet started, guidance from the Eighth Circuit could substantially reduce discovery and discovery-related motions, avoiding additional costs to the parties and preserving judicial resources. *See Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004).

7

In sum, an interlocutory appeal would materially advance this litigation towards a more efficient and expedient conclusion. The Court, therefore, should certify this matter for interlocutory appeal.

## II. The Court Should Stay the Case Pending Interlocutory Appeal

If the Court certifies the Order for a Section 1292(b) interlocutory appeal, the case should be stayed in this Court until the Eighth Circuit resolves the appeal. A stay will not change the status quo in this litigation and will not prejudice Plaintiff, as any monetary award would be subject to interest. *See, e.g., Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1990) (holding there was no showing of prejudice by the intervening delay caused by an interlocutory appeal, since any monetary award is subject to interest).

## CONCLUSION

For the foregoing reasons, the Order presents a clear case for immediate interlocutory review, and that all considerations of case management and equity weigh in favor of a stay. Defendants, therefore respectfully request that the Court alter and amend its previous Order so that it certifies the issue set forth above for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stays this case pending that appeal.

Respectfully submitted this 2nd day of June, 2014.

    COR CLEARING, LLC, COR SECURITIES HOLDINGS, INC., CARLOS P. SALAS and CHRISTOPHER L. FRANKEL, Defendants


    By: s/ Gillian G. O'Hara
        Marcia Washkuhn #21022
        Gillian G. O'Hara #22414

Kutak Rock LLP  
The Omaha Building  
1650 Farnam Street  
Omaha, NE  68102-2186  
(402) 346-6000  
gillian.ohara@kutakrock.com  
marcia.washkuhn@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2014 I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

J.L. Spray, Esq.
Mattson, Ricketts, Davies, Stewart & Calkins
134 South 13th Street, Suite 1200
Lincoln, NE  68508-1901
(402) 475-8433
jls@mattsonricketts.com

David M. Gaba, Esq.
Compass Law Group PS
2600 Second Avenue, Suite 2302
Seattle, WA  98121
(206) 251-5488
davegaba@compasslegal.com

s/ Gillian G. O'Hara        

9

4825-5569-8203.3