IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. BUSSING,<br><br>                Plaintiff,<br><br>vs.<br><br>COR CLEARING, LLC, et al.,<br><br>                Defendants. | 8:12-CV-238<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the defendants' motion to certify a question for an interlocutory appeal and for a stay pending appeal. Filing 94. In its Memorandum and Order of May 21, 2014 (filing 93), the Court found that the plaintiff, Julie Bussing, had stated a claim for relief under 15 U.S.C. § 78u–6(h), a whistleblower-protection provision of the Dodd–Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank"). More specifically, the Court found that, for purposes of that anti-retaliation provision, the term "whistleblower" should be read in the ordinary sense of the word, or as defined in 15 U.S.C. § 78u-6(a)(6). The defendants ask the Court to certify this issue for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons discussed below, the defendants' motion will be granted in part and denied in part—the Court will certify the question presented for interlocutory appeal; but the Court will not stay proceedings.

### I. Certification of Interlocutory Appeal

      Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) certification may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Union Cnty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). Interlocutory appeals are to be used in extraordinary cases where they might avoid protracted and expensive litigation; not merely to provide review of difficult rulings in hard cases. And they should be granted sparingly and with discrimination. *Union Cnty.*, 525 F.3d at 646. The party seeking an appeal bears the heavy burden of demonstrating that the case is an exceptional one in which an immediate appeal is warranted. *Id.* Here, the Court finds that defendants have met their burden.

      The Court begins with the first and third criteria, which present related inquiries. The matter to be certified is plainly a question of law, as it is a

question of pure statutory interpretation. It is also a controlling question of law. A question is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Stated another way, "controlling" means "serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). And there is substantial overlap between the first and third criteria: "'a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (quoting 16 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3930 (West 2014)).

If the Court of Appeals reverses this Court's interpretation of the statute, then Bussing's Dodd-Frank claim fails. This case would nonetheless continue, as Bussing has asserted other claims for relief arising under state law. Even so, an appellate ruling on this disputed issue will have significant practical and legal effects on other aspects of this case, such that it should be deemed controlling.

First, as of now, this Court's subject matter jurisdiction is premised on Bussing's Dodd-Frank claim, which is her sole claim arising under federal law. The Magistrate Judge previously found, as a preliminary matter, that diversity jurisdiction had also been established. *See* filing 70 at 17–18. But this was a preliminary determination, made on the pleadings, which this Court has not evaluated, and which the defendants have vowed to challenge. If the Court of Appeals affirms this Court's ruling, this potential jurisdictional issue will remain dormant (along with the related question of whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367). If the Court of Appeals reverses, then these jurisdictional issues will need to be examined.

Second, Bussing's state-law claim for wrongful termination in violation of public policy is intimately connected to her Dodd-Frank claim. The Court previously found it unnecessary to explore the precise boundaries of Nebraska public policy regarding retaliation against whistleblowers. Instead, the Court found that because Bussing is pointing to Dodd-Frank as the source of public policy for her state-law claim, then for all practical purposes, her wrongful discharge and Dodd-Frank claims are perfectly co-extensive. Filing 93 at 18. Again, if the Court of Appeals affirms, these issues remain dormant; if it reverses, the contours of Bussing's state-law wrongful discharge claim will need to be explored. Significant time may be saved by addressing this and any potential jurisdictional issues now, rather than following a trial.

Third, appellate review will help clarify the damages potentially available to Bussing. Depending upon the viability of Bussing's Dodd-Frank claim, these could vary greatly, as that statute provides for attorney fees and double the

- 2 -

amount of back pay. 15 U.S.C. § 78u-6(h)(1)(C). This uncertainty, in turn, tends to inhibit any potential for settlement. *See Ungar v. Dunkin' Donuts of America, Inc.*, 531 F.2d 1211, 1214 (3d Cir. 1976).

The implications for an appellate ruling in this case—whether an affirmance or reversal—demonstrate that this issue is a controlling question of law. For the same reasons, resolution of this issue may materially advance this litigation. It will clarify the scope and necessity of inquiring into the related legal questions identified above and will put all parties on firmer footing when it comes to conducting discovery, preparing for trial, and forming their overall litigation strategy.

The Court also finds the second criterion satisfied. To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The law may be unclear where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point. *Id.* That accurately describes the present situation. The issue at hand has not been addressed by the Eighth Circuit, and it has prompted conflicting rulings from federal courts across the country. *Compare, e.g.*, *Ellington v. Giacoumakis*, 977 F. Supp. 2d 42 (D. Mass. Oct. 16, 2013); *Murray v. UBS Sec., LLC*, 2013 WL 2190084 (S.D.N.Y. May 21, 2013); *Genberg v. Porter*, 935 F. Supp. 2d 1094 (D. Colo. Mar. 25, 2013); *Kramer v. Trans-Lux Corp.*, 2012 WL 4444820 (D. Conn. Sep. 25, 2012); *Nollner v. S. Baptist Convention, Inc.*, 852 F. Supp. 2d 986 (M.D. Tenn. Apr. 3, 2012) *with Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013); *Englehart v. Career Educ. Corp.*, 2014 WL 2619501 (M.D. Fla. May 12, 2014); *Banko v. Apple Inc.*, 2013 WL 7394596 (N.D. Cal. Sept. 27, 2013); *Wagner v. Bank of Am. Corp.*, 2013 WL 3786643 (D. Colo. July 19, 2013). Thus, the Court finds that the criteria for an interlocutory appeal are satisfied, and will certify this question of law to the Court of Appeals for the Eighth Circuit.

## II. Stay of Proceedings Before This Court

The defendants have also asked the Court to stay proceedings during the pendency of their appeal. A district court has the "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). Reflecting this discretion, § 1292(b) provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). In deciding whether to grant a stay, the Court must weigh various competing interests, including the possible damage, hardship, or inequity which may result from granting the stay or allowing proceedings to

continue. *Filtrol Corp.*, 467 F.2d at 244. The Court must also consider the effect of a stay on the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id.*

Having considered these factors, the Court declines to stay proceedings during this appeal. Plaintiff opposes the stay, as she wants to resolve this case as soon as possible. Defendants' main argument is that time and money will be saved by a stay, as a reversal would narrow the scope of necessary discovery. At the same time, however, defendants have promised to "vigorously explore Plaintiff's alleged diversity jurisdiction through discovery." Filing 100 at 2. The Court finds that the plaintiff has more to lose from a stay, in terms of additional delay in these already lengthy proceedings, than defendants stand to gain. If the parties are able to make progress, even while the appeal is pending, it can only serve to expedite resolution of this case. Certain matters, such as Bussing's breach of contract claims, will need to proceed regardless of the outcome on appeal.

IT IS ORDERED:

1. The defendants' motion to certify a question for an interlocutory appeal and for a stay pending appeal (filing 94) is granted in part and denied in part:

    a. The motion to certify is granted.

    b. The motion to stay is denied. The proceedings before this Court shall be not stayed during the pendency of the appeal.

Dated this 17th day of July, 2014.

> BY THE COURT:
>
> /s/ John M. Gerrard
> John M. Gerrard
> United States District Judge