IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. BUSSING, | Case No. 8:12-cv-238 |
| Plaintiff, | |
| v. | |
| COR CLEARING, LLC; COR SECURITIES HOLDINGS, INC.; STEVEN SUGARMAN; CARLOS P. SALAS; and CHRISTOPHER L. FRANKEL, | **PROTECTIVE ORDER** |
| Defendants. | |

WHEREAS, discovery in the above-captioned action has and may continue to involve the production of documents and information which Defendants COR Clearing, LLC, COR Securities Holdings, Inc., Steve Sugarman, Carlos P. Salas, and Christopher L. Frankel ("Defendants") (Bussing and Defendants are hereafter collectively referred to as the "Parties"), represents to be confidential and proprietary and asserts the disclosure of such information outside the scope of this litigation or any related arbitration could result in significant injury to its business interests,

IT IS HEREBY ORDERED

1.      In this action, the Parties are seeking Confidential Information (as defined in Paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert that the need for this Protective Order also applies to any information or materials produced by a non-party as a result of discovery subpoenas or other requests.  The Parties have entered into this Stipulation and request the Court enter the Protective

Order for the purpose of preventing the disclosure and use of Confidential Information by any Party or non-party except as set forth herein.  The terms of this Protective Order shall apply to any information or materials produced by any Party or non-party as part of discovery in this action.  Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2.    <u>Definition of "Confidential Information</u>."  Under the terms of this Protective Order, "Confidential Information" means any document, file, portions of files, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties or a non-party (in the manner provided in Paragraph 3 below) as containing or comprising confidential or sensitive information or other trade secrets or proprietary business information.  Nothing in this Order shall restrict a Party or any person from using information or documents that were in their possession prior to or at the time of disclosure in this matter. In connection with this Stipulation and Protective Order, Confidential Information shall constitute one of two categories of information or materials, as follows:

a.    "<u>Confidential</u>" Material shall be documents, information or materials the release of which would harm one of the Parties, including but not limited to, medical information related to Bussing, non-public financial or business records, personnel records of non-parties, internal personnel policies and procedures of COR and any affiliated entity, and other information which is private in nature and may have the effect, if not deemed to be confidential, of embarrassing, humiliating or otherwise invading the privacy of a Party, and could potentially cause significant public and private harm, humiliation and exposure to the Parties. Such information or materials may only be so designated if they are not otherwise publicly available.

b.    "<u>Confidential – Attorneys' Eyes Only</u>" shall be documents reflecting client lists, (including client names, addresses, phone numbers, and email addresses), and

agreements reflecting confidential settlements with persons who are not parties to this litigation.

3. <u>Designation of "Confidential Information</u>." Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party or a non-party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

a. By imprinting the words "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only</u>," as appropriate, on at least the first page or cover of any document produced;

b. By imprinting the words "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only</u>," as appropriate, next to or above any response to a discovery request; and

c. With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only</u>," as appropriate, no later than twenty (20) calendar days after receipt of the transcribed testimony.

During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only</u>," as appropriate. If during the course of a deposition, a document or other material that has previously been designated "<u>Confidential</u>" or "<u>Confidential – Attorneys' Eyes Only</u>" is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

4. <u>Restrictions on Confidential Information</u>. All Confidential Information provided by a Party or a non-party in response to a discovery request or as transcribed testimony shall be subject to the following restrictions:

a. "<u>Confidential</u>" Information:

i. "<u>Confidential</u>" Information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

ii.    "<u>Confidential</u>" Information shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation.

iii.    "<u>Confidential</u>" Information may only be disclosed or communicated to the following persons:

    (a)    The Parties' outside counsel of record in this action and any regular or temporary employees of such counsel to whom it is necessary that the information or material be shown for purposes of this litigation;

    (b)    The Parties' in-house counsel;

    (c)    Plaintiff, Defendants and employees of Defendants whose assistance is needed by counsel for the purposes of this litigation;

    (d)    Graphics or design services firms retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

    (e)    Independent document reproduction services or document or video recording and retrieval services;

    (f)    Non-technical jury or trial consulting services retained by counsel for a Party;

    (g)    Expert witnesses retained or consulted by the Parties in connection with this litigation; and

    (h)    The finder of fact or concluder of law.

iv.    <u>Undertaking</u>:  Confidential Information may be disclosed only to the persons listed in Paragraph 4.a.iii, subparagraphs (d), (e), (f) and (g) only after such person(s) have executed a declaration in the form attached as Exhibit A.

b.    "<u>Confidential – Attorneys' Eyes Only</u>" Material:

i.    "<u>Confidential – Attorneys' Eyes Only</u>" Material shall be used only for the purpose of this litigation and may not be used for any other purpose outside the reasonable conduct of this case.

ii.    The receiving Party's counsel shall ensure that the information is disclosed or communicated only to persons as designated above in Paragraph 4.a.iii,

subparagraphs (a) (b) and (h).  "Confidential – Attorneys' Eyes Only" may be disclosed to those persons listed in Paragraph 4.a.iii, subparagraph (g) only after such person(s) have executed a declaration in the form attached as Exhibit B.

5.     Use of Confidential Information in Court Proceedings.  In the event any material designated "Confidential" or "Confidential – Attorneys' Eyes Only" is used in any court filing or legal proceeding, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use.  Any memorandum, brief, or other pleading that contains Confidential Information in the body of the document shall be prominently labeled on the applicable pages with the following legend:  "Contains Confidential Information Subject To Protective Order."   All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Information, shall be filed under seal pursuant to any rules or orders pertaining to the filing of information and documents under seal.

6.     Continuing Duty.  The termination of this action shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.  The Parties agree that in no event shall the obligations of this Protective Order continue beyond two years from the final disposition of this matter, by order, settlement, or otherwise.

7.     Protective Order Not Admission.  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Furthermore, by producing or receiving information or material designated "Confidential" Material or "Confidential – Attorneys' Eyes Only" or by otherwise complying with the terms of this Protective Order, such conduct shall not be construed as an admission as to

5

the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

8.    <u>Obligations After Final Disposition</u>.  The provisions of this Protective Order shall, absent written permission of the producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands. After the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, and upon sixty (60) days' notice by the producing Party, all persons having received Confidential Information shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the producing Party or shall certify destruction thereof. The outside counsel for each Party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing Party.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

9.    <u>No Bar to Seeking Further Relief</u>.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

10.   <u>Treatment of Confidential Information at Trial</u>.  In the event any Confidential Information is to be used in any court proceeding or any appeal therefrom, counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents,

information, and transcripts used in the course of any such proceeding, and shall move the Court

to incorporate such procedures.

11. <u>Examination of Third Party Witnesses Regarding "Confidential Information.</u>"

a. Any person who has executed Exhibit A may be examined as a witness at trial or during a deposition concerning any information or material that has been designated "Confidential Information."

b. Any person may be examined as a witness at trial or during a deposition concerning any information or material that has been designated "Confidential Information" where that person lawfully received or authored such information or material prior to and apart from this action.

c. If any third party witness does not fall within Section 11(b), and refuses or otherwise fails to execute Exhibit A, the party who seeks to show documents to the witness that are the subject of this Protective Order shall:

(i) seek and secure the agreement of the designating party that the documents specified by the deposing party may be shown to the third party witness in the absence of the witness's execution of Exhibit A; or

(ii) seek and secure an Order from the Court requiring the third party witness to comply with the terms and conditions of this Protective Order and not disclose the contents of any Confidential Information outside the lawsuit and to not use it for any purpose unrelated to the lawsuit.

d. Whenever access is provided solely because a person appears from the face of a document that has been designated "Confidential Information" to have been the author or lawful recipient of that document, such person may be shown, but not permitted to retain custody of, that specific document despite the restrictions on access set out in Paragraph 4 of this Protective Order.

12. <u>Inadvertent Production of Undesignated/Misdesignated Confidential Information.</u>

As soon as the receiving Party becomes aware of any inadvertent production of misdesignated

Confidential Information, the information must be treated as if it had been timely and correctly

designated under this Protective Order, and the receiving Party must endeavor in good faith to

obtain all copies of the document which it distributed or disclosed to persons not authorized to

have access to such information, as well as any copies made by such persons.

13.     <u>Binding Effect of Protective Order Before Entry by Court</u>.  The Parties agree to be bound by the terms of this Stipulation and Protective Order pending its entry by the Court, or pending entry of an alternative thereto.  Any violation of the terms of this Stipulation prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if this Stipulation had been entered as an order of the Court.

14.     <u>Obligations Under Subpoena in Other Action</u>.  If a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a Party to this action, seeking Confidential Information which it received from the other Party, the Party so served shall give prompt, written notice to the producing Party, by hand or electronic service, within ten (10) business days of its receipt of such subpoena, demand, or legal process.  The Party so served shall also object to the production of the requested Confidential Information to the extent permitted by law.  Should the person seeking access to the information or material take action against the Party, or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the Party, or anyone else covered by this Protective Order, to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

July 6, 2015.

BY THE COURT:

_____
United States Magistrate Judge

8

## EXHIBIT A – "Confidential" Material

---

### DECLARATION OF _____

---

_____ swears or affirms and states under penalty of perjury:

1.     I have read the Protective Order in this action, *Julie A. Bussing v. COR Clearing, LLC, et al.*, Civil Action No. 8:12-cv-238-JMG-CRZ in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

2.     I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential" Material under the Protective Order.

3.     I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential" Material, or any other Confidential Information, shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.  I will not use the Confidential Information for any commercial purpose.

4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5.     I will abide by the terms of the Protective Order.


_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (____)_____

**EXHIBIT B – "Confidential – Attorneys' Eyes Only" Material**

_____

**DECLARATION OF _____**

_____

_____ swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in this action, *Julie A. Bussing v. COR Clearing, LLC, et al.*, Civil Action No. 8:12-cv-238-JMG-CRZ in the United States District Court for the District of Nebraska, a copy of which is attached to this Declaration.

2.      I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential – Attorneys' Eyes Only" and which were produced by the opposing Party subject to the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any "Confidential – Attorneys' Eyes Only" Material or any other Confidential Information, shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.  I will not use the Confidential Information for any commercial purpose.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (____)_____