IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JULIE A. BUSSING,

        Plaintiff,

vs.

COR CLEARING, LLC, COR SECURITIES HOLDINGS, Inc.; CARLOS P. SALAS, CHRISTOPHER L. FRANKEL, JEFFREY N. SIME, AND STEVEN A. SUGARMAN,

        Defendants.

8:12CV238

ORDER

Pending before me is the parties' dispute over Plaintiff's proposed Subpoena Duces Tecum to be served on FINRA, and whether Defendants must produce emails to Plaintiff in native format. (Filing No. 154).

### FINRA Subpoena

The plaintiff's proposed subpoena demands FINRA's production of:

-- All documents or records relating to:

- the FINRA Rule 8210 notice dated April 25, 2012;
- FINRA Disciplinary Proceeding# 2009016234701; and
- FINRA Disciplinary Proceeding# 2007007133001.[1]

-- All recordings or transcripts of proceedings relating to Kevin Daniels v. COR Clearing LLC, FINRA Arbitration Case No. 13-01262.[2]

---

[1] Based on the parties' representations, this proceeding pre-dates Bussing's employment for Legent by approximately two years.

[2] As the court understands it, this arbitration proceeding involved a former Legent employee who had worked under Bussing's supervision.

-- As to the FINRA 8210 notice dated April 25, 2012; FINRA Disciplinary Proceeding# 2009016234701; FINRA Disciplinary Proceeding #2007007133001; the Bank Secrecy Act; anti-money laundering rules or requirements; or any investigation or proceeding pending or in effect at any time between September 1, 2011, to May 31, 2012, inclusive.

- A list of all pending and all closed arbitration cases or disciplinary investigations, proceedings, or matters involving Legent Clearing, LLC, n/k/a COR Clearing, LLC, or any director, officer, shareholder, supervisor or party currently or formerly associated or registered with the firm;

- All documents or records relating to Defendant Steven A. Sugarman, CRD # 4749281;

- All documents or records relating to Defendant Carlos P. Salas, CRD # 4024491;

- All documents or records relating to Defendant Christopher L. Frankel, CRD # 1756659; and

- All documents or records relating to Jeffrey N. Sime, CRD # 1554798.

([Filing No. 154-2](Filing No. 154-2)).  Defendants object, asserting Plaintiff's proposed subpoena is overly broad and unduly burdensome, compliance will violate the investigatory privilege, and as to some of the information requested, "Plaintiff has not and cannot demonstrate the probity of such information to her case."  ([Filing No. 154, at CM/ECF p. 8](Filing No. 154, at CM/ECF p. 8)).

1. Overly Broad/Unduly Burdensome.

As to Defendants' claim of burden, the defendants have not shown how FINRA'S compliance with the document subpoena will burden Defendants.  "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter."  [Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005)](Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005)).  "A motion to quash, or

for a protective order, should generally be made by the person from whom the documents or things are requested." Id. (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)). Simply stated, Defendants lack standing to argue compliance with Plaintiff's proposed subpoena will unduly burden FINRA.

2. Investigatory Privilege.

Defendants claim Plaintiff's proposed FINRA subpoena requests information subject to the "well-recognized investigatory privilege to protect civil and criminal investigation files from discovery." (Filing No. 154, at CM/ECF p. 7). Defendants cannot claim any privilege as to the documents they submitted to FINRA. As stated in the FINRA 8212 Notice:

> As a matter of policy, FINRA conducts its investigations on a non-public basis. Nonetheless FINRA may sometimes provide access to its investigative files to other regulatory and law enforcement authorities, and, if subpoenaed, to litigants in civil actions. In addition, pursuant to FINRA's Code of Procedure, FINRA is required to produce documents and transcripts to respondents during discovery. <u>We will not ( 1) entertain requests for confidential treatment of any information or documents you provide in response to this request</u>; (2) give you notice of any subpoena or access request we receive that encompasses any such information or documents; or (3) undertake to return documents when this investigation is completed.

(Filing No. 154-2, at CM/ECF p. 10) (emphasis added). Whether compelled to provide the information to FINRA or not, the 8212 Notice advises Defendants that the documents they produce to FINRA will not deemed confidential. Defendants cannot raise a valid privilege objection to disclosure of such documents.

FINRA no doubt possesses responsive documents other than those initially produced by Defendants. Even if the court assumes FINRA is an agency which can

assert the law enforcement investigatory privilege,[3] under the long-standing definition of this privilege:

(1) there must be a formal claim of privilege by the head of the department having control over the requested information;

(2) assertion of the privilege must be based on actual personal consideration by that official; and

(3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope.

In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988) (holding SEC met the requirements for asserting the investigatory privilege based on the declaration of the Secretary of the SEC).

Defendants are not FINRA officials, and they have no standing to assert the investigatory privilege as to FINRA's records. In addition, the court fails to see how FINRA's mere listing of all pending and closed arbitration cases or disciplinary investigations, proceedings, or matters involving Defendants could be considered confidential investigatory information.

3. Overly Broad/Relevancy

Defendants argue investigations or proceedings involving the named defendants and Jeffrey Sime at any time between September 1, 2011, to May 31, 2012, and the recordings or transcripts of proceedings relating to Kevin Daniels v. COR Clearing LLC, FINRA Arbitration Case No. 13-01262, are wholly irrelevant to Plaintiff's retaliation

---

[3] With mediation scheduled for November 18, 2015, the court has expedited the parties' presentation of the issues, and the drafting and filing of this order. As such, the court will not address every argument raised by the parties, some of which may require extensive research and discussion. That said, while FINRA is a private corporation, its rules governing the disclosure of investigative files (see, e.g., FINRA Rule 9251), parallel rules governing law enforcement files, such as including an equivalent to the Brady rule in criminal proceedings. FINRA Rule 9251(b)(3).

claim. They also claim documents generated and claims filed outside of Plaintiff's employment dates for Legent are wholly irrelevant:

If this case was solely about Plaintiff's retaliation allegations, the court may agree with Defendants' argument. But in their Answer and Counterclaims, Defendants allege Bussing failed to perform the functions, responsibilities, supervision and duties commensurate with and customary to her position for Legent, disregarded FINRA regulatory requirements, exposed Legent to significant legal risk of noncompliance with its regulatory obligations, substantially contributed to penalties and restitution paid by Legent to FINRA, and prompted an arbitration which lead to a $240,000 award in favor of a former Legent employee. See e.g., Filing No. 112, at ¶¶ 7, 43, 65, 91, 97-99..

Bussing was employed by Legent for less than six months, beginning on January 1, 2012 and ending on May 21, 2012. Bussing's Complaint alleges Legent had a history of failing to comply with FINRA regulations dating back to at least 2009. (Filing No. 96, ¶¶ 18-23). To the extent Defendants' counterclaims allege Bussing caused Legent's regulatory noncompliance, Bussing is entitled to show, if it is true, that Legent had a corporate culture of noncompliance that she was unable to repair in less than six months—with her attempts to do so prompting a termination notice. And since Legent claims Bussing's mismanagement placed the company at serious risk of future regulatory noncompliance,[4] Bussing is entitled to gather FINRA records post-dating her termination to challenge or confirm that allegation.

However, the court finds that as to some of Bussing's proposed document requests, date limitations would be appropriate. That is, the unlimited time frame of the

---

[4] Defendants allege Bussing "mismanage[ed] Legent so that key positions within the Company were understaffed or unfilled thereby exposing the Company to operating risk, regulatory sanctions and restitution to the detriment of the Company." (Filing No. 112, ¶ 99).

requests as written would include irrelevant documents. And while Defendants lack standing to object to Plaintiff's proposed subpoena as unduly burdensome, FINRA could raise such objections. Rather than risk delay associated with foreseeable objections asserted by FINRA, sub-paragraphs (d) and (e) of paragraphs 5 through 11 of Plaintiff's proposed subpoena, (Filing No. 154-2), will be limited to the time frame of January 1, 2009 through the present. In all other respects, Defendants' objections to Plaintiff's proposed FINRA subpoena, (Filing No. 154-2), are denied.

Emails in Native Format

Bussing demands production of the native version of emails produced by Defendants. Defendants object, stating they are preparing for mediation, and sifting through 60,000 pages of discovery to find emails, and then producing the native version of those emails, will require a substantial investment of time for no real purpose. They assert that as to some of the emails, Defendants have redacted privileged information, and producing a native format of those emails will eliminate these appropriate redactions. Finally, Defendants argue the emails are entitled to be identified as "Confidential" under the court's protective order.

Plaintiff may not want or need a native copy of every email, and may choose not to request emails that include privilege redactions. To allocate the workload of Plaintiff's request, prevent unnecessary and wholesale copying of native files, and perhaps avert the need to create further privilege logs and the associated motion practice, the plaintiff will be required to first identify the emails, by Bates number, for which it requests a native file. To the extent the requested emails are not privileged,[5] Defendants will then produce the native files of the emails on a disk or other suitable electronic media storage device.

---

[5] This order shall not be construed as requiring Defendants to produce native files of emails containing privileged information.

And if the emails are considered confidential under the operative protective order, the disclosed storage device will be marked "Confidential."

Accordingly,

IT IS ORDERED that the parties' jointly identified discovery issues, (Filing No. 154), are decided as follows:

1) Sub-paragraphs (d) and (e) of paragraphs 5 through 11 of Plaintiff's proposed subpoena, (Filing No. 154-2), will be limited to the time frame of January 1, 2009 through the present. In all other respects, Defendants' objections to Plaintiff's proposed FINRA subpoena, (Filing No. 154-2), are denied

2) As to the production of native versions of Defendants' emails, Plaintiff shall first identify the requested emails, by Bates number, for which it requests a native file. Defendants will then produce the native files of the non-privileged emails on a disk or other suitable electronic media storage device. As to those emails considered confidential under the operative protective order, the storage device will be marked "Confidential."

3) The court's decision on Plaintiff's request for native versions of all documents, other than emails, produced by Defendants is held in abeyance pending the outcome of the parties' scheduled mediation.

October 16, 2015.                         BY THE COURT:

                                          *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.